**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | Criminal No. 1:11-cr-158 |
| **RICHARD EARL JAENSCH,** : | |
| **Defendant.** : | |

**MOTION FOR DISCOVERY
AND INSPECTION AND EXCULPATORY EVIDENCE**

COMES NOW the Defendant, and moves this Court for entry of an Order directing the government[1] to provide to the Defendant, within sufficient time to be used in preparation for pre-trial motions and trial, the following discoverable and exculpatory information and to preserve items requested and not ordered provided so that the record is complete in the event of an appeal.  Since this case is an historic case, prompt discovery is critical to a fair trial

1.  The transcripts of all testimony given about this case before the indicting grand juries.  This constitutes Jencks Act material for testifying witnesses and potential impeachment for those who did not testify in the grand jury. Given the nature of this case, the grand jury testimony will help the defense prepare for motions and trial.  There is little need for the traditional claims of secrecy in this case.  If not produced, this evidence should be reviewed by the Court so that the Court can make an independent determination of its producability.

2.  All Jencks Act and other statements whether recorded verbatim or summarized, or if not recorded, if known and preserved in any manner or form, of any and all witnesses

---

[1] Use of the term "government" means not only all federal law enforcement agencies and departments but also all state and local law enforcement agencies and departments involved in the investigation and prosecution of the accused and/or any potential prosecution witness against him.

whom the government has interviewed or otherwise contacted regarding this case whom the government intends to or may call at a pretrial motions hearing, or at trial, and from whom the government has statements insofar as said statements relate to the case and its charges, and are available to the government or may become available to the government through the exercise by it of due diligence.  Jencks statements should be produced at this time, since the prosecution asserts it is an "open file" case.  To the extent they contain self-incriminating statements of the witness or contradict any other witness, they are exculpatory and are otherwise relevant and are producable forthwith.

      3.      The substance, time, date, location, place, recipient, and witness to any and all oral statements made formally or informally, in conversation or in any manner, by the Defendant or any alleged or potential co-defendants relating to this case.  Any such statements relating to this case fit the definition of "relevant" under Rule 16.  F.R.Crim.P.  In addition, a copy of any and all stenographic notes, handwritten notes, audio or visual recordings, or any other writing, recordations or tapes or memoranda, or the like, taken or made of such statements about this case or events related to it, as such are known by the government to exist, or which could become known to them by the exercise of due diligence.  This is producable forthwith.

      4.      The prior criminal record of the Defendant, and any potential witnesses which are in the possession, custody, control or knowledge of the government or which may become known to the government through the exercise by it of due diligence including but not limited to, by way of example only, those available through a search of NCIC, NADIS, EPIC and other like systems.  The defense also seeks the NADIS numbers of the accused and any alleged co-

participant, whether indicted or not and whether named in the indictment or not. It takes time to obtain certified records of court convictions, especially if they are old; therefore, production should be forthwith.

  5.  The right to knowledge of and to inspect, copy, reproduce, and photograph, forthwith, any and all books, papers, documents, writings, recordations, photographs, and other tangible objects of any and all type, shape, size and description whatsoever, which are in the possession, custody or control of the government and are intended as evidence at trial, motions, hearings, or otherwise, or which are material to the preparation of the defense, or which were obtained from or belong to the accused and/or any alleged co-participant, or witness or any place in which any of these persons had an interest or claim of right, including but not limited to, by way of example only, the following:

  a.  Any and all items seized or obtained pursuant to any search or seizure, whether with or without a warrant, as well as any warrants, supporting affidavits and returns as conducted relative to this case or the prosecution of any witness either before or after the indictment. This includes any and all items seized or obtained which are material to proof of any charges against the accused, any witness, or of the indictment in this case or which could arguably be of use by the defense in preparation for trial or pre-trial motions, including that which is inculpatory of prosecution witnesses or is inconsistent with the government's case, its witnesses, or is otherwise material to the preparation of this case for trial or pre-trial motions by either the prosecution or defense.

  b.  Any and all surveillance data, or recordations, or the like whther electronic or in any other form, which were made or taken by or for the government, of which the

government has knowledge as such relate to this case or any of the allegations set forth in the indictment or relate to the accused or any alleged co-actor.

c.      All photographs, tapes, electronically recorded or stored data or images, digital or otherwise, whether audio or visual, relating to or used in this case whether taken or used by or for the government or any of its agents, private individuals or otherwise as related to any allegation against, as well as the accused or any prosecution witnesses.

d.      A detailed description and copy of any and all documents, memoranda, electronically stored media record, or the like, relating to any deals, offers of aid or assistance or payment (whether of fees, expenses or otherwise) intended, taken or actually given to or received by any government agent or witness whom the government intends to use in any pretrial motion or the trial of this case or who provided any information or assistance whatsoever to the government in relation to this case for the indictment, the investigation, or for trial, such as prosecution witnesses and any others.

e.      Copies and detailed descriptions of any and all guidelines, memoranda, rules, regulations, and procedures and communications for the decision to and the conduct of this investigation and indictment regarding the origin of the decision to proceed to bring the case to prosecution, such as origination with the civil or the criminal division of the I.R.S. or the Office of the U.S. Attorney in Alexandria, Virginia; any and all coordinated prosecution activities, decisions, and all related activities by law enforcement and the prosecutors in offices of the United States Attorney for the Eastern District of Virginia and elsewhere, such as the I.R.S., in relation to this case. These requests should be made available forthwith to allow preparation of pre-trial

motions and trial.

6.     The name, last known address, agency or department of any and all individuals participating in the investigation and preparation of this case for grand jury presentation, trial, pre-trial motions, or otherwise involved in this case, and the names, dates, places, and times at which each such individual conducted each such activity relative to this case including all experts contracted whether they will testify or not and for all experts who will testify, their area of expertise, opinions, and the basis for same. This is to be produced forthwith and for experts not yet contacted – as soon as such contact occurs.

7.     A copy of any and all communications by, to, from or with any expert, examiner or authority, or individual or entity with specialized skill and/or experience, and/or knowledge, as well as any and all reports and any and all tests, analysis, experiments, the final results of seam, conclusions reached, opinions formed based on same, and any notes, including original notes of interviews, FBI 302's, DEA 6's and the like, pertaining thereto, relating to this case and prepared by or for or in the possession, custody or control of any investigative or other government agency whatsoever, that participated either directly or indirectly in the investigation of the alleged offenses and in preparation of the case on behalf of the government. This includes, by way of example, only, the I.R.S., whether civil or criminal division. This is to be produced forthwith to allow preparation of pre-trial motions and trial.

8.     All mental and psychiatric records and/or history of individuals as described in the above paragraphs who are intended to be called as witnesses insofar as said records relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell and relate facts which occur in their presence as such is in the possession, custody or

control or is known to the government or as may become so known to them upon the exercise of due diligence on the part of the government. This is to be produced forthwith, as it is exculpatory.

  9. Any and all exculpatory evidence and information which relates in any way whatsoever to the question of guilt or punishment of this accused as known by the government or which can become known to it by the exercise of due diligence. This information is due forthwith and includes, but is not limited to, by way of example only, such as it relates to anyone who might testify for the prosecution.

  a. Whether or not any such agent or individual was suspected, apprehended, or convicted of the commission of any crime or offense at the time he/she was solicited to gather information or perform other duties on behalf of the government of the United States, or any other governmental unit;

  b. Of what crime, or crimes, with specific details, were such individuals suspected or apprehended or convicted at the time he/she was solicited to gather information on behalf of the government whether federal, local, state or otherwise including crimes to which he or she or they confessed or which were admitted by them during any debriefing, grand jury testimony or the like or in which they were implicated by others. [2]

  c. Whether or not any potential or actual criminal charges against or sentences or sanctions against such individuals were abandoned, altered or otherwise foregone upon agreement of and/or for the benefit of any such agent or individual or for someone in

---

[2] As to all prosecution witnesses, this request includes any state prosecutions related to cooperation.

close relation to them and the details of same whether state, federal or otherwise.  In further explanation, this request includes any and all consideration or promises of consideration, or indications that consideration might be forthcoming, given to or on behalf of any potential witness, and any consideration expected or hoped for by any witness as might be anticipated by the government.  By consideration is meant absolutely anything, whether bargained for or not, which arguably could be of value or use to such a potential witness or to persons of concern to such witnesses, including, but not limited to, formally or informally, directly or indirectly:  leniency, favorable treatment, recommendations or other assistance with respect to any pending or potential criminal conviction or sentencing or with respect to parole, probation, pardon, clemency, terms of confinement, conditions of confinement, forfeiture, any matters in any civil court, tax court, court of claims, administrative agency or other dispute of any nature with the government, with another sovereign, with local government, with any other authority or with any other party; criminal, civil or tax immunity grant; witness fees or special witness fees; provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program" or equivalent benefits; any discussion concerning or agreement not to take a charge federal; any discussion concerning an agreement to advise a court of substantial assistance; and anything else which arguably could reveal an interest, motive or bias in any witness in favor of the government or against the defendant or which could possibly act as an inducement to supplying information or testifying or as an inducement to coloring information or testifying falsely.

10. The substance of any plea bargains or deals entered into by any and all witnesses or potential witnesses in this case whether said plea bargain or deal was entered into by the office of the prosecuting attorney, or any other governmental agency, department or unit, whether foreign or domestic, federal, state or local regardless of whether or not said individual was or will be charged in this case. (Include therewith the authority for all such bargains, deals or arrangements and the names and last known addresses of the individuals involved in making such). This exculpatory information is due forthwith.

11. Any and all information regarding whether or not any of the witnesses or potential witness who provided information to or are to be called by the government in this case are presently or have ever been dependent upon any scheduled or non-scheduled narcotic, drug or controlled substance including the extent of said dependency; when and where said dependency was treated, if treated, and the duration of said dependency insofar as it may, or could lead to information beneficial to the accused, such as, by way of example only, use as impeachment based in confabulation or the like. To be produced forthwith.

12. If any individual was threatened in any way or given any offer of any type in order to secure their cooperation in any way regarding this case, then name the individual who made the threat or offer, to whom it was made and the exact nature of the threat or offer as well as the date, time, and location at which such was made and the identity of any other individuals present. This information is due forthwith.

13. Whether any of the law enforcement officers or government agents involved in this investigation or prosecution whether state, federal, or otherwise, has ever been the subject of a citizen complaint, an adverse internal law enforcement investigation; whether a polygraph

examination was administered, and if so, the results; any reports of actions, if any, and what if any actions were taken as well as the identity and contact in formation for any citizen complainant. This information is due forthwith.

14. Whether any witnesses or potential witnesses to this case took or refused to take a polygraph test or were hypnotized, drugged or given a like examination with respect to anything relating to this case, and if so, the test procedures, results, tapes, reports, printouts, materials, questions, and all related documents, writings, printouts, information and data. This is due forthwith.

15. Whether or not any case involving the testimony of any law enforcement witness or expert, whether federal, state or otherwise who participated in the preparation and investigation of the instant case has been pled to a lesser charge, amended or dismissed because of alleged mishandling of evidence or misconduct or untruthfulness on the part of said law enforcement witness and/or expert. This is due forthwith.

16. If the answer to paragraph number 15 is "yes", please give all known details and facts relating thereto.

17. The extent of drug use past and present of all government agents and witnesses, if any, used to obtain evidence which will be or has been presented against the accused by the government to prove its case, as such is known, or can become known by the exercise of due diligence on the part of the government insofar as such information relates to those individuals' ability to see, hear and relate those facts which occur in their presence and to testify truthfully and accurately. This is due forthwith.

18. Any and all evidence of any nature, type or description which indicates lack of

culpability by the accused in the allegations set forth in this indictment or which would be mitigative to his involvement and would inure to his benefit at trial or at any sentencing on the issue of punishment including, by way of example only, all persons interviewed or contacted whom the prosecution does not intend to call as a witness.  This is due forthwith.

WHEREFORE, in consideration of the foregoing and such other matters as may become evident at a hearing hereon, the Defendant requests this Court to grant this motion, order production forthwith, and to grant such other and further relief as in the case may be deemed just.

Respectfully Submitted,

RICHARD EARL JAENSCH
By Counsel

| /S/ | /S/ |
|---|---|
| MARVIN D. MILLER, ESQ. | ALAN J. CILMAN, ESQ. |
| Counsel for Richard Earl Jaensch | Counsel for Richard Earl Jaensch |
| Law Offices of Marvin D. Miller | Law Office of Alan J. Cilman |
| 1203 Duke Street | 4160 Chain Bridge Road |
| Alexandria, VA 22314 | Fairfax, VA 22030 |
| Phone:  (703) 548-5000 | Phone: (703) 385-7300 |
| Fax:  (703) 739-0179 | Fax: (703)591-5863 |
| legalgirll@aol.com | acilman@aol.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Caryn Deborah Finley
U.S. Department of Justice - Tax Division
601 D Street NW
Washington, D.C.  20530
202-514-5051
Caryn.Finley@usdoj.gov

Gene Rossi, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
702-299-3700
gene.rossi@usdoj.gov

        _____/S/_____
MARVIN D. MILLER
V.S.B. No. 1101
Counsel for Richard Earl Jaensch
Law Office of Marvin D. Miller
1203 Duke Street
Alexandria, VA 22314
Phone:  (703) 548-5000
Fax:  (703) 739-0179
katherine@marvinmilleratlaw.com