IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 1:11-cr-00158 |
| RICHARD EARL JAENSCH, : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR DISCOVERY AND INSPECTION AND EXCULPATORY EVIDENCE**

The Defendant, in his Motion for Discovery and Inspection and Exculpatory Evidence, asked for evidence that is discoverable which will be of benefit to him in the preparation of his defense. Granting these requests, and in a timely manner, will insure a full and fair disclosure of all of the relevant facts to which the defense is entitled. The object of this discovery is to eliminate surprise and trial by ambush and make this trial a search for the truth so that the trier of fact knows exactly what occurred from the perspective of both litigants with both having time to prepare. *Brady v. Maryland*, 473 U.S. 667 (1963); *United States v. Bagley,* 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995). *See, also, United States v. King,* ___ Fed 3d ___, Record No. 08-4405 (4th Cir. 2011). The requests also seek to complete the record in the event of an appeal.

Under the doctrine of fairness, the United States Supreme Court has mandated, through a series of cases, that criminal defendants are entitled, as a matter of Constitutional right, to effective assistance of counsel regardless of their financial status. *Powell v. Alabama*, 287 U.S. 45 (1932); *Gideon v. Wainwright*, 372 U.S. 355 (1963); *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *Strickland v. Washington*, 466 U.S. 668 (1984); that illegally obtained evidence

cannot be used against them in trial, *Silverthorne Lumber Company v. United States*, 251 U.S. 386 (1920); *Mooney v. Holohan*, 294 U.S. 103 (1935); *Mapp v. Ohio* 367 U.S. 643 (1961); *Arizona v. Gant*, 556 U.S. ___ (2009), and that the government is obligated to correct false evidence when it appears in a trial whether solicited or not. *Napue v. Illinois*, 360 U.S. 264 (1959); *Pyle v. Kansas*, 317 U.S. 213 (1942).

    The single most effective device for ensuring that a trial be a fair search for the truth is pretrial discovery. *See Kyles v. Whitley, supra*. As the Court observed some years ago in *Dennis v. United States*, 384 U.S. 855, 837 (1966):

> In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.

government in exchange for their testimony. *See e.g Bagley*, *supra*. (impeachment evidence is the equivalent to any other Brady evidence.)

    The Supreme Court endorsed the concept of expanded discovery, rather clearly, in *Kyles v. Whitley, supra*, when it ruled that exculpatory evidence, including impeachment evidence, that is to be produced encompasses that known to law enforcement, as well as to the individual prosecutor. The failure of a prosecutor to examine what the agents know can result in a failure to perform their duty. This is something for the courts to monitor. In *Williams v. Florida*, 399 U.S. 78, 82 (1970), for example, the Court stated the principle which is at the core of discovery:

> In our adversary system is hardly an end to itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.

See also *Wardius v. Oregon*, 412 U.S. 70 (1973); United States v. Kelly, 35 F.3d 294 (4th Cir. 1994).

The Project on Minimum Standards for Criminal Justice of the American Bar Association went on record decades ago in its Approved Draft (1970) of the *ABA Standards Relating to Discovery and Procedure Before Trial* 2.1(a)(i), for the uniform requirement, in all criminal cases, that the prosecution shall disclose to defense counsel in advance of trial "the names and addresses of persons whom the prosecution attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements."

The United States Court of Appeals for the Fourth Circuit has observed that the denial of a request for witness names and addresses may rise to the level of constitutional error where it "amounts to a denial of the defendant's right of confrontation in violation of the Sixth Amendment." *United States v. Jordan*, 466 F.2d 99, 101 (4th Cir. 1972). As the Court noted in *Jordan*: "The Supreme Court has recognized that a defendant's Sixth Amendment rights may also be violated by less that a complete denial of all cross-examination. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, (1931); *Smith v. Illinois*, 390 U.S. 128, 88 S.Ct. 748, 19 L.Ed. 2d 956 (1968)". 466 F.2d at 101. The test, announced the Court, is whether there has been, by reason of non-disclosure of the witnesses' identities prior to trial, a sufficient diminution of the right of cross-examination to come within the protection of the rule of these cases. *Id*. In *United States v. Kelly, supra*, the Court reversed a conviction because of non-disclosure before trial of the most important and effective impeachment evidence of a key prosecution witness. That non-disclosure denied the accused the right to confront and cross examine a key prosecution witness. The recently publicized case involving the prosecution of Alaskan Senator Stevens by the Department of Justice in the United States District Court, for the District of Columbia is another example of non-disclosure to the defense of producible

evidence. Courts need to be vigilant in this area of litigation.

In *Dennis v. United States*, 384 U.S. 855, 870 (1966), the Court said that "disclosure, rather than suppression, of relevant material ordinarily promotes the proper administration of criminal justice." *See also Schiledwitz v. United States*, 169 F.3d 1003 (6th Cir.1999) reversing a conviction in a case where the prosecution withheld evidence of a witness's extensive involvement in the investigation of the accused which was proof of bias on the part of the witness. *See also Trammell v. McKune*, 485 F.3d 546 (10th Cir. 2007).

The ABA's Standards Relating to Discovery and Procedure Before Trial provide that the prosecuting attorney disclose to defense counsel the substance of any oral statements made by the accused, or made by a co-defendant if the trial is to be a joint one. Rule 16 of the Federal Rules of Criminal Procedure requires the disclosure of statements made by the accused which relate to the case or trial. That is what "relevant" means and that is what should be expressly ordered produced. There are such statements here and they should be produced at once. There is no valid reason not to produce them forthwith. Additionally, Rule 16 requires disclosure of the requested documents, records, computer records, tangible objects and the like so that the defense can review, duplicate, reproduce, and photograph them to prepare a defense. These requests are set out in detail in the Motion this Memorandum supports. Prompt and useable access to discovery is important as is the prompt disclosure of prosecution experts, their opinions and the basis therefore so the defense can identify and select its experts and disclose same to the prosecution. See, e.g., Rules 16 (a)(1)(E)(i)(ii), (F), and (G), F.R.Crim.P., as well as Rules 702, 703, and 705, F.R.Evid.

The Defendant seeks from the government and its agents all exculpatory evidence in

their possession as is known, or as could become known to them through the exercise on their part of due diligence, and which is material either to guilt or punishment.  *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley, supra* and *Kyles v. Whitley, supra*.  The requested order should be entered even in an open file discovery case because not all discoverable evidence is necessarily in the prosecutor's file and not all prosecutors search agent files as they should.  *See e.g.*, *Smith*, *supra* at 828, 829 and *Kyles v. Whitley, supra*.; *United States v. Kelly, supra*.  A criminal trial should not be a game of wits between the prosecution and the defense, whereby the party with the greater resources or the better strategy wins.  *Levin v. Katzenbach*, 363 F.2d 287 (D.C. Cir. 1967); *United States v. Jeffers*, 570 F.3d 557, 571 (4th Cir. 2009).

It is essential to prevent prejudice to the defendant's rights that the government deliver discoverable and exculpatory evidence to the defense far enough in advance of trial so that it can be used to aid in the preparation of the defense's case.  *Hamric v. Bailey*, 386 F.2d 390 (4th Cir. 1967). The prosecutor must make disclosure of discoverable evidence upon request at a time when it is of value to the accused.  "Manifestly, a more lenient disclosure burden on the government would drain *Brady* of all vitality."  *United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970).  *See accord United States v. Holmes* 722 F.2d 37 (4th Cir. 1983).  *See also, United States v. Jeffers*, *supra*.

The defense is most aware of the kind of trial strategy which will be employed, and is, therefore, best equipped to know what is material and potentially useful.  If the government has doubts about whether the evidence is useful to the defense, it should resolve such doubts in favor of the defendant.  This is an appropriate rule since disclosure would do no harm to the truth finding process, while a failure to disclose might well prejudice the defense.  *Kyles,*

*supra*; *Smith*, 50 F.3d at 823; *United States v. Miller*, 529 F.2d 1125 (9th Cir. 1976). It has long been recognized that it is not for the government to decide for the Court what is admissible or to determine for the defense what is useful. *Griffin v. United States*, 183 F.2d 990, 993 (D.C. App. 1950). For courts to surrender control of discovery to one side of the litigation permits the prosecution to control the defense case. If an item is questionable, it ought to be revealed or submitted to the Court for its review. *See, e.g., United States v. King, supra*.

The prosecutor may not suppress the means of obtaining evidence, nor leads which may develop exculpatory evidence. *United States v. Bowles*, 488 F.2d 1307 (D.C. Cir. 1973); *United States v. Bonano*, 430 F.2d 1060 (2nd Cir. 1970). The materiality of evidence must be considered in light of the evidence it might subsequently reveal. Evidence which leads to other evidence is, therefore, particularly material. One example of this is the prompt provision of the criminal record of a government witness. It is a lead to witnesses and exhibits for the defense against the prosecution. This is needed far in advance of trial so the court records can be searched, located and witnesses located, interviewed, and subpoenaed.

The defense should be given all evidence far in advance of trial which could be utilized within the bounds of legitimate advocacy to fashion arguments, find witnesses, and obtain exhibits which might create a reasonable doubt in the minds of the jury as to the defendant's guilt. *See United States v. King, supra.*; *United States v. Keough*, 391 F.2d 138 (2nd Cir. 1968). The government, like the defense, has an interest in seeing that the defendant's trial is a search for truth rather than a chess game. *Kyles, supra*; *Kelly, supra*. This takes time and last minute disclosure is a denial of due process. *See also Sennett v. Fairfax*, 608 F.2d 539 (4th

Cir. 1979), where the prosecution wrongly withheld identity of witnesses material to the defense case. Whenever witnesses or witness statements are withheld, they should be scrutinized by the Court to determine if they should be producible.

This motion also includes requests for the psychiatric records and drug use records of prosecution witnesses. This is discoverable exculpatory evidence. *See e.g.*, *United States v. Dunnigan*, 944 F.2d 178 (4th Cir. 1991). In *United States v. Dunnigan, supra*, that Court recognized that where the mental condition of a prosecution witness was such that it could reflect adversely on the witness' credibility, the prosecution has the constitutional duty to provide this information to the defendant. As the United States Supreme Court stated in *Ake v. Oklahoma*, 470 U.S. 68 (1995), which recognized the critical role of psychiatric science in criminal law:

> This Court has long recognized that when a State brings its judicial power to bear on [a defendant] in a criminal proceeding, it must take steps to assure that a defendant has a fair opportunity to present his defense. This elementary principle, granted in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness. . . *Id.* at 76.

The Court in *Ake* further acknowledged that:

> We recognized long ago that mere access to the courthouse doors does not by itself assure proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against [a defendant] without making certain that he has access to the raw materials integral to the building of an effective defense . . .
>
> Thus . . . a State may not legitimately assert an interest in maintenance of a strategic advantage over the defense, that the result of that advantage is to cast a pall on the accuracy of the verdict obtained. *Id*. at 77, 79.

In the same year as *Ake*, the United States Supreme Court also decided *United States v. Bagley, supra*, in which it held that impeachment evidence of a prosecution witness is as

significant as any other evidence of innocence.

If there is a question in the mind of the prosecution as to whether or not something should be revealed to the Defendant, the prosecution should be directed to disclose anything which might affect the outcome of the trial or for which a substantial basis exists for claiming materiality and, when in doubt, the material should be submitted to the Court for its review. *Kyles, supra*; *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Gaston*, 608 F.2d 607, 612-14 (5th Cir. 1979); *United States v. Pacelli,* 491 F.2d 1108, 1118, (2nd Cir.), *cert. denied*, 419 U.S. 826 (1974).

The Fourth Circuit also considered psychiatric information about a witness exculpatory evidence in *United States. v. Society of Independent Gas. Marketers*, 624 F.2d 461 (4th Cir. 1980). In that case one of the Government's witnesses had previously been hospitalized for psychiatric problems. Defense counsel subpoenaed these hospital records and they were produced by the hospital administrator to the district court judge presiding over the case. After examining these records *in camera*, the judge declined to deliver them to defense counsel for the reason, among others, that he did yet know the scope of the Government's examination of this witness.

On appeal, Defense Counsel asserted that in denying access to the hospital records the trial court prejudicially impaired his ability to effectively cross-examine this witness. Defense Counsel argued, among other things, that the hospital records "were significant for the purpose of evaluating the witness' perceptive ability" during the period in question and suggested, for instance, that if the witness were suffering from a mental illness, he might have taken an irrational view of the events as they occurred. As it turns out, the official record diagnosed the

witness as "Schizophrenic Reaction, Schizo-affective Type."

The Fourth Circuit easily concluded in *Gas Marketers* that the records should have been produced as impeachment evidence as "they were unquestionably relevant in regard to his [the witness'] perception of the events."  Although the defense presented the testimony of two other witnesses that contradicted this one witness' testimony, the ability of defense counsel to impeach this particular witness regarding his ability to properly perceive events about which he testified was severely limited by counsel's inability to examine the hospital records.  That Court was correct.  Psychiatric records, like records detailing substance abuse are often critical to a fair determination of the ability of a given witness to see, hear, tell and relate that which occurs in their presence.   The Fourth Circuit, aware of the importance of the psychiatric record in *Gas Marketers*, stated:

> We can think of no more relevant or significant material than a hospital record indicating that a witness who is testifying  . . . had been under treatment for mental illness which rendered him at that time delusional and hallucinatory . . ..
>
> Although a trial court should seek to prevent the disclosure of embarrassing, irrelevant information concerning a witness, it is an abuse of discretion to preclude defense counsel from obtaining relevant information, and the witness' privacy must yield to the paramount right of the defense to cross-examine effectively the witness in a criminal case.

*Id.* at 469.  *See, also*, *Davis v. Alaska,* 415 U.S. 308, 319, 94 S.Ct. 1105, 1111-1112, 39 L.Ed.2d 347 (1974).  Thus, the Court of Appeals overturned the district court's decision which impermissibly forbade the defendant from reviewing the hospital records or putting them to any effective use in the cross-examination of the witness.

In making this decision, the Fourth Circuit Court of Appeals relied on *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974), as the leading case in this field.  In that case,  Rogers was

9

a key government witness who had previously been admitted to a Veterans Administration Hospital for treatment for mental illness. The trial court rejected the admission of these hospital records either as a predicate for cross-examination or as a basis upon which another psychiatrist could have given an opinion as to the mental state of Rogers' ability to see and hear accurately during the period in which the events occurred about which he was testifying.  These principles are unchanged over the years.  There is a need for the Court to actually consider and tule on these requests in this case, especially in this Division.

The Fifth Circuit reversed the conviction because of the trial court's error in failing to admit the hospital records, reasoning at page 762:

> It is just as reasonable that a jury be informed of a witness' mental incapacity at a time about which he proposes to testify as it would be for the jury to know that he then suffered an impairment of sight or hearing.
>
> It all goes to the ability to comprehend, know, and correctly relate the truth.

And again on page 763 appears the following:

> Partin [the defendant] had the right to attempt to challenge Rogers' credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify.

Accordingly, the defendant's conviction was reversed.

The Fourth Circuit reached the identical conclusion in *Chavis v. State of North Carolina*, 637 F.2d 213 (4th Cir. 1980).  In *Chavis*, a government witness, Hall, had at one point been confined to a mental institution for fifty days.  Defense Counsel, as part of his discovery request, requested the disclosure of all "psychiatric or other reports which might tend to reflect on the credibility or competence of any ... prospective witnesses ....".  This information, though it existed, was not provided to the defense.

The *Chavis* Court began its analysis of the non-disclosure of the psychiatric report with *Brady*, which held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Court then concluded that:

> Hall's psychiatric report if it had been made available to defense counsel might have had a substantial impact on the outcome of the case. If the jury had known that Hall was a borderline defective, it might well have concluded that Hall lacked the ability to recall accurately events ...

The Court was also not persuaded by the state's argument that the hospital report was not suppressed because it was a public document available to defense counsel. The Court correctly concluded that "there is no general 'public records' exception to the *Brady* rule." The Court, therefore, held that the suppression of Hall's psychiatric record denied the petitioners due process of law and, thus, invalidated the convictions. The same applies here.

Finally, the holdings by the Fourth Circuit Court of Appeals has been supported by circuits which have, historically, reached the identical conclusion. *See, e.g., United States v. Jackson*, 863 F. Supp. 1462 (D.Kan.1994); *United States v. Honneus*, 508 F.2d 566, 573 (1 Cir. 1974); *Sinclair v. Turner*, 447 F.2d 1158, 1163 (10 Cir. 1971); *Ramseyer v. General Motors Corp.*, 417 F.2d 859, 863 (8 Cir. 1969); *United States v. Allegretti*, 340 F.2d 254, 257 (7 Cir. 1964); *United States v. Hiss*, 88 F. Supp. 559 (S.D.N.Y. 1950).

These defense requests for discovery seek to obtain facts and evidence that will be used to present testimony and exhibits on behalf of the accused. We seek the means to defend.

        Respectfully Submitted,

        RICHARD EARL JAENSCH
        By Counsel

| /S/ | /S/ |
|---|---|
| MARVIN D. MILLER, ESQ. | ALAN J. CILMAN, ESQ. |
| Counsel for Richard Earl Jaensch | Counsel for Richard Earl Jaensch |
| Law Offices of Marvin D. Miller | Law Office of Alan J. Cilman |
| 1203 Duke Street | 4160 Chain Bridge Road |
| Alexandria, VA 22314 | Fairfax, VA 22030 |
| Phone: (703) 548-5000 | Phone: (703) 385-7300 |
| Fax: (703) 739-0179 | Fax: (703)591-5863 |
| legalgirll@aol.com | acilman@aol.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th of April, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Caryn Deborah Finley
U.S. Department of Justice - Tax Division
601 D Street NW
Washington, D.C.  20530
202-514-5051
Caryn.Finley@usdoj.gov

Gene Rossi, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
702-299-3700
gene.rossi@usdoj.gov

                                        _____/S/_____
                                        MARVIN D. MILLER
                                        V.S.B. No. 1101
                                        Counsel for Richard Earl Jaensch
                                        Law Office of Marvin D. Miller
                                        1203 Duke Street
                                        Alexandria, VA 22314
                                        Phone:  (703) 548-5000
                                        Fax:  (703) 739-0179
                                        katherine@marvinmilleratlaw.com